IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA

BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP,

CASE NO. 59-2011-CA-004389
DIVISION: 14-K

Plaintiff,

COPY

vs.

LINDA A. NASH, et al.,

Defendants.

_______________________________/

**FINAL JUDGMENT**

THIS ACTION came on for Trial on September 15, 2014. All parties appeared and announced to the Court that they were ready for Trial. Plaintiff presented its case in full. After Plaintiff completed presentation of its case, and Defendant completed cross examination of Plaintiff's sole witness who was Plaintiff's representative, Chad Anderson, the Court announced that it was prepared to enter a Final Judgment based upon the evidence presented by Plaintiff, consisting of the following: a). Exhibit 1- Note, b). Exhibit 2- Mortgage, c). Exhibit 3- Notice of Intent to Accelerate, and d). Exhibit 4- Payment History, and Defendants cross examination and presentation of its Exhibit 1, the Assignment of Mortgage, without the necessity of Defendant presenting its witness and testimony,

The Courts finds as follows:

1. The Mortgage dated May 24, 2005 was executed by the Borrower, Linda A. Nash, payable to the alleged Lender, America's Wholesale Lender, which was recited to be a New York Corporation. The Mortgage recited that: "the Note states that Borrower owes Lender $58,500.00.

2. The Note was in the amount of $58,500.00, reciting that the alleged Lender "is America's Wholesale Lender".

3. The Note bears an endorsement –in-blank on page 3 thereof as follows: "pay to the order of (____________) without recourse" and underneath that statement, the Note purported to be endorsed by "Countrywide Home Loans, Inc., a New York Corporation doing business as America's Wholesale Lender."

4. The Plaintiff's sole witness testified that the Assignment of Mortgage presented as

Defendant's documentary evidence at the Trial, a copy of which was attached to Plaintiff's Complaint, was the only document he was aware of which purported to transfer any interest in the Mortgage, or the Note, except for the blank endorsement on page 3 of the Note, as set forth above.

5. Plaintiff's witness acknowledged that he knew of no other documents purporting to transfer any interest in the Note, or the Mortgage, which were in existence relative to any transfer of ownership interest in the Note, or the Mortgage, which Plaintiff sought to foreclose in this action.

6. On cross examination, Plaintiff's witness confirmed that he knew of no evidence of transfer of the ownership interest in the Note, other than the blank endorsement on page 3 thereof, signed on behalf of Countrywide Home Loans, Inc., DBA America's Wholesale Lender.

7. Plaintiff's witness testified that he was aware that America's Wholesale Lender was not incorporated in the year 2005 when the Note and Mortgage were signed, and that no such corporation was subsequently formed by either Countrywide Home Loans, or Bank of America, or any of their related corporate entities or agents. Plaintiff's witness also confirmed that he was aware that America's Wholesale Lender did not ever have a Lender's license in the State of Florida and did not have authority to do business in Florida, as a New York Corporation, under Florida Statute 607.1506.

8. Plaintiff's witness also testified that he has no knowledge of the existence of any document transferring any interest in the subject Mortgage Note or Mortgage from the Lender to Fannie Mae, who is alleged in the Plaintiff's Complaint to have been the owner of the Note at the time the Mortgage Foreclosure Complaint was filed.

9. The Court finds that:

a.) America's Wholesale Lender, a New York Corporation, the "Lender", specifically named in the mortgage, did not file this action, did not appear at Trial, and did not Assign any of the interest in the mortgage.

b.) The Note and Mortgage are void because the alleged Lender, America's Wholesale Lender, stated to be a New York Corporation, was not in fact incorporated in the year 2005 or subsequently, at any time, by either Countrywide Home Loans, or Bank of America, or any of their related corporate entities or agents.

c.) America's Wholesale Lender, stated to be a corporation under the laws of New York, the alleged Lender in this case, was not licensed as a mortgage lender in Florida in the year 2005, or thereafter, and the alleged mortgage loan is therefore, invalid and void.

d.) America's Wholesale Lender, stated to be a New York Corporation, did not have authority to do business in Florida under Florida Statute 607.1506 and the alleged mortgage loan is therefore invalid and void.

e.) Plaintiff and its predecessors in interest had no right to receive payment on the mortgage loan because the loan was invalid and therefore void because the corporate mortgagee named therein, was non-existent, and no valid mortgage loan was ever held by Plaintiff or its predecessors in interest.

f.) The alleged Assignment of Mortgage which purported to transfer interest in this mortgage to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP, as assignee, was invalid because Mortgage Electronic Registrations Systems, Inc. (MERS), as nominee for America's Wholesale Lender had no authority to assign the ownership interest of said mortgage, because MERS was not the owner of the subject mortgage and was only a nominee for America's Wholesale Lender, an alleged New York Corporation which was a non-existent Corporation. Said purported assignment was without authority, and therefore invalid.

g.) Plaintiff's witness had no knowledge of who or what entity might have instructed MERS as nominee, to attempt to assign or transfer any interest in said mortgage, which in any event would have been invalid because that entity (MERS) had no ownership interest in the mortgage and was merely named as a nominee for the non-existent corporate mortgagee..

10. Based upon the foregoing, the Plaintiff, Bank of America, NA, has no standing to bring this action. The Plaintiff has no legal right to attempt to claim ownership of the subject Note and Mortgage, or any right as servicer, for some other unknown entity, and is without any legal basis to attempt to foreclose the subject Mortgage, or to collect on the Mortgage Note, because America's Wholesale Lender, a New York Corporation, did not exist in 2005, and was never formed as a Corporation by Plaintiff or its predecessors in interest. The collection of mortgage payments by the Plaintiff and its predecessors in interest, was therefore illegal and they were without any legal right to receive and use or disburse the funds therefrom on behalf of any owner of the Note and Mortgage, or any other party.

11. Defendant is therefore entitled to recover from Plaintiff, all funds reflected on Plaintiff's Exhibit 4 which Plaintiff's witness testified reflected the payment history of monies paid by Defendant to Plaintiff or its predecessors in interest, because the subject note and mortgage were invalid because the alleged mortgage lender did not exist and did not have the legal right to receive and retain or disburse said funds.

12. Defendant is also entitled to recover from Plaintiff, all costs and attorney's fees incurred by Defendant in this action pursuant to the terms and conditions of the subject Mortgage Note and Mortgage upon which Plaintiff based this action, and pursuant to the terms of Florida Statute 57.105, as the prevailing party.

53,500

13. The Court finds that the principal and interest paid by Defendant to Plaintiff, or its predecessors in interest, in the amount of $55,680.28, as shown on Plaintiff's Exhibit 4, presented at Trial, is recoverable by Defendant from Plaintiff and Defendant is entitled to Judgment against Plaintiff in that amount of $55,680.28, plus interest on the amount of each respective payment at the statutory rate for each year in question from the year 2005 through the date of Defendant's last payment in October, 2010, in the amount of $8,206.87 and continuing to the date of this Final Judgment. Defendant has presented to this Court, a computation of the amount of said payments and the interest due thereon from the date of each respective payment to September 30, 2014 in the aggregate amount of $20,000.44 with per diem at the rate of $8.86 per day thereafter. Judgment is therefore entered for Defendant and against Plaintiff in the amount of $55,680.28, plus interest in the amount of $20,000.44 through September 30, 2014 for a total amount of $75,680.72.

14. The amount of Defendant's recovery of costs and attorney's fees for which Defendant is entitled, shall be determined by this Court at a Hearing separate from the Trial, and a Supplemental Final Judgment shall be entered for such amount against Plaintiff and in favor of Defendant.

15. The Court does hereby retain jurisdiction of this case to enter Supplemental Final Judgments or Orders as this Court may deem appropriate.

DONE and ORDERED in chambers at Sanford, Seminole County, Florida, this 16th day of October, 2014.

Robert J. Pleus

~~Circuit~~ Judge
Senior

Copies furnished to:
John G. Pierce, Esquire, 800 N. Ferncreek Ave, Orlando, FL 32803
Ryan M. Sciortino, Esquire, 3815 S. Conway Road, Suite E, Orlando, FL 32812

Debbie Whitehead
Judicial Asst/Attorney