**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

LINDA A. NASH,

Plaintiff,

v. Case No. 1:23-cv-03134

UNITED STATES OF AMERICA CORP. INC.,
STATE OF FLORIDA CORPORATION,
SEMINOLE COUNTY FLORIDA CORPORATION
BANK OF AMERICA, N.A., INC.
JANE AND JOHN DOES

Defendants.
_________________________________/

## DEFENDANT THE STATE OF FLORIDA'S MOTION TO DISMISS COMPLAINT

**COMES NOW**, Defendant, THE STATE OF FLORIDA through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Honorable Court for an Order dismissing Plaintiff's Complaint against the Defendant. In support, the State of Florida states as follows:

Plaintiff fails to state a claim upon which relief may be granted. Plaintiff's claims are barred for lack of subject matter and personal jurisdiction. Additionally, the *Rooker-Feldman* doctrine bars plaintiff's claims. What's more, although named as a party to this matter, Plaintiff has not alleged that the Defendant has an interest in this case. The Defendant is not the enforcing officer of the subject of this action being attacked and has not taken any action regarding this claim. Thus, the Defendant is not a proper

party and is therefore entitled to be dismissed. Plaintiff's claim is also barred by collateral estoppel and res judicata and Plaintiff failed to comply with pleading requirements. Therefore, dismissal with prejudice is proper. In support hereof, Defendant states as follows:

## I. <u>Plaintiff's Allegations</u>

Plaintiff Linda A. Nash (hereinafter "Plaintiff"), sues Defendants for injunctive and other relief under 42 U.S.C. § 1983 and 18 U.S.C. § 242 contending that they violated Plaintiffs' constitutional rights during a state-court foreclosure action initiated by Bank of America (BOA). ECF No. 1 at 2.

On November 2, 2011, BOA filed a foreclosure complaint against Plaintiff in the Eighteenth Judicial Circuit Court in and for Seminole County, Florida. (*Id.* at 6). The case went to trial on September 15, 2014, and after BOA presented its side of the case, the judge ruled in Plaintiffs' favor before they presented their affirmative defenses. (*Id.*) Specifically, the court found that BOA did not have standing to bring the action, the note and mortgage were void, and BOA failed to perform all conditions precedent. (*Id.*).

BOA then successfully appealed to Florida's Fifth District Court of Appeal (5th DCA), which reversed the trial court's findings and remanded for entry of judgment in BOA's favor. *Bank of Am., N.A. v. Nash*, 200 So. 3d 131 (Fla. 5th DCA 2016). (*Id. see also Cmpl. Ex. 3*). Following this ruling, Plaintiff sought rehearing, citing constitutional violations, which the 5th DCA denied. (*Id.*) Plaintiff then petitioned the Florida Supreme Court but the petition was denied. *Nash v. Bank of Am., N.A.*, SC16-

1255, 2017 WL 6062032, at *1 (Fla. Jan. 12, 2017).

After those appeals were exhausted, BOA moved the trial court to award judgment. Plaintiff filed objections in the trial court. But these objections were unsuccessful. Plaintiff then appealed the new trial court judgment in BOA's favor. (*Id.*) A different 5th DCA panel of judges heard oral argument on February 19, 2019, but stated that Plaintiffs' arguments pertaining to the violation of their constitutional rights could no longer be reviewed based on the "law of the case" doctrine. *Nash v. Bank of Am., N.A.*, 267 So. 3d 1025 (Fla. 5th DCA 2019).

After that, Plaintiff pursued relief in federal court in the Middle District of Florida challenging the constitutionality of those judgments based on the 5th DCA's alleged denial of her constitutional rights, including their due process right to be heard.[1] On May 31, 2019, The Honorable Roy B. Dalton Jr. issued a written order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction. (Exhibit A, Doc. #14). Plaintiff pursued an appeal, and the 11th Circuit Court of Appeals granted the Appellees motion for summary affirmance. *Nash v. Fifth Dist. Court of Appeals*, 806 Fed. Appx. 870, 873 (11th Cir. 2020). Plaintiff currently seeks relief from this Court challenging the constitutionality of the state-court foreclosure action initiated by Bank of America (BOA).

## MEMORANDUM OF LAW

[1] Pursuant to Federal Rules of Evidence 201, The State of Florida respectfully request the Court take judicial notice of the court docket from Middle District of Florida (Orlando) civil case# 6:19-cv-885-Orl-37GJK attached as exhibit A.

## I. Standard of Review

In reviewing a motion to dismiss, the court must accept all allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008)). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F. 3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-556 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S.Ct. 1937, 173 Led2d 868 (2009).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 663. It is not enough that a claim is conceivable, the applicable standard is that a claim must be plausible on its face and is subject to dismissal when the facts pleaded do not meet this requirement. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *Twombly*, 550 U.S. at 570. The federal pleading rules require a complaint to provide sufficient notice to a defendant regarding the causal connection between the defendant and the plaintiff's claim, so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . ." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005). "[C]onclusory

allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" will not survive a motion to dismiss. *Oxford Asset Mgt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## II. Argument in Support of Dismissal

### A. Lack of subject matter jurisdiction

#### *i. The Rooker-Feldman doctrine bars Plaintiff's claims*

Under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). (citations omitted). "The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) (stating that federal "appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the U.S. Supreme Court]"). Consequently, complaints that essentially invite federal district courts to "review and reverse unfavorable state-court judgments" are "out of bounds, *i.e.*, properly dismissed for want of subject-matter jurisdiction." *Exxon Mobil*, 544 U.S. at 283–84.

In recent years, the scope of the doctrine has been narrowed. In 2005, the

U.S. Supreme Court confined the doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. From this, the U.S. Court of Appeals for the Eleventh Circuit concluded that the relevant inquiry is whether the state court proceedings have ended at the time the federal action was filed. *Nicholson v. Shafe*, 558 F.3d 1266, 1272, 1274, 1277 (11th Cir. 2009). As applicable here, state proceedings have ended "when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved." *Id.* at 1275 (citation omitted).

However, the doctrine still applies "both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Casale*, 558 F.3d at 1260 (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment, or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Casale*, 558 F.3d at 1260 (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)).

Currently the *Rooker-Feldman* doctrine is triggered here because Plaintiffs' claims center on alleged constitutional violations suffered during her unsuccessful state-court battle and resulting unconstitutional judgments—she wants this Court to find these proceedings violated their rights. (*See* ECF no. 1); *see also Johnson*, 512 U.S. at 1005–06. Plaintiff cannot refute that her state proceedings are over and her claims exhausted, but she maintains this Court has jurisdiction to grant relief. (ECF no. 1);

*see also Nicholson*, 558 F.3d at 1275 (state proceedings have ended "when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved"). So, Plaintiffs' case falls squarely within the scope of the *Rooker-Feldman* doctrine: "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. Thus, this Court lacks jurisdiction over Plaintiffs' claims—claims unsuccessfully raised in state court.

What's more, *Rooker-Feldman* bars Plaintiffs' claims as inextricably intertwined with the state-court judgments. *Casale*, 558 F.3d at 1260. "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment, or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Id.* (quoting *Goodman ex rel. Goodman*, 259 F.3d at 1332). Here, Plaintiffs' claims could succeed only to the extent that the state court wrongly decided both their foreclosure claims and their other constitutional claims. For this Court to say so would then "effectively nullify" those state court judgments. Thus, her claims cannot proceed here, and this Court should dismiss the Complaint.

***ii. The State of Florida is Not a Proper Defendant.***

Plaintiff is unable to establish subject matter jurisdiction against the State of Florida because the State is not a proper party to this claim.

When the constitutionality of a statute is being challenged, the necessary party defendant is the public agency or official charged with enforcing the statute. *Diamond v. Charles*, 476 U.S. 54, 64 (1986); *ACLU v. The Florida Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993). *See also Coalition for Adequacy and Fairness in School Funding Inc. v. Chiles*, 680 So. 2d 400, 402 (Fla. 1996) (governor in his position as chief executive officer and as chairperson of the board of education was an appropriate party for that action, and president of the Senate and Speaker of the House in their official capacities were proper parties); *Walker v. President of the Senate*, 658 So. 2d 1200 (Fla. 5th DCA 1995) ("when a plaintiff challenges the constitutionality of a rule of law, it is the state official designated to enforce that rule who is the proper defendant"); *Mayo v. National Truck Brokers Inc., supra* (in a defective title challenge, the court said neither the Attorney General nor the state attorneys in their representative capacities were proper parties).

No case or controversy between Plaintiff and the State of Florida is alleged or exists. Simply naming "the State of Florida" as a defendant and serving the Attorney General with the complaint is inadequate to establish a controversy for purposes of seeking relief. The State of Florida is not the enforcing officer of the statutes being applied in the Complaint. The State of Florida has not taken any action regarding the statute as applied in the present case and has not threatened to take any action. Thus, the State of Florida is not a necessary party to this case and should not be named as a defendant.

**B. Lack of personal jurisdiction**

"It is plaintiff's burden to make prima facie showing that the Court has personal jurisdiction over the defendants." *Ballard v. Holinka*, 601 F. Supp. 2d 110, 117 (D.D.C. 2009); *see also First Chicago Int'l v. United Exch. Co., Ltd.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988). A plaintiff must plead specific facts providing a basis for personal jurisdiction. *Moore v. Motz*, 437 F. Supp. 2d 88, 91 (D.D.C. 2006). "Pro se plaintiffs are not freed from the requirement to plead an adequate jurisdictional basis for their claims." *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 (D.D.C. 2010).

Under Federal Rules of Civil Procedure and 4(k)(1) and 81(d)(2), personal jurisdiction "must be determined by reference to District of Columbia law." *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). District of Columbia law provides that "[a] District of Columbia court may exercise personal jurisdiction over a person domiciled in, . . . or maintaining his . . . principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422.

If the plaintiff does not plead that a District of Columbia court has personal jurisdiction over a defendant based on his domicile or place of business, a court engages in a two-part inquiry to determine if it has personal jurisdiction over the defendants. First, a court must determine whether there is a basis for personal jurisdiction under the District of Columbia's long-arm statute. *See GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). The long-arm statute allows a court in the District of Columbia to exercise personal jurisdiction over a non-resident defendant with regard to a claim arising from the defendant's conduct in:

> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;
> (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
> (7) marital or parent and child relationship in the District of Columbia[.]

D.C. Code § 13-423(a).

Second, a court must determine whether the exercise of personal jurisdiction would comport with the requirements of due process. *See GTE New Media Servs., Inc.*, 199 F.3d at 1347. This portion of the analysis turns on whether a defendant's "minimum contacts" with the District of Columbia establish that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). These minimum contacts must arise from "'some act by which the defendant purposefully avails [himself] of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). In other words, "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being

haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Presently, Plaintiff pleads no facts in her complaint that provide a basis for asserting personal jurisdiction over Defendant in the District of Columbia. Defendant is not domiciled in the District of Columbia, nor does the complaint allege that the District of Columbia is the principal place of business of the Defendant. Moreover, the Plaintiff has not pled an adequate basis to assert specific personal jurisdiction over the Defendant under the District of Columbia long-arm statute. The complaint does not allege that the Defendant had contacts with the District of Columbia. There are also no allegations in the complaint that the harms of which the plaintiff complains arose from the defendants' conduct in transacting business or contracting to supply services in the District of Columbia, nor are there allegations of a tortious injury in the District of Columbia. Rather, all of the harms of which the plaintiff complains appear to have taken place in Florida. As such, Plaintiff has failed to establish personal jurisdiction and dismissal is proper.

## C. Failure to State a Claim for Relief

### *i. Failure to Comply with Procedural Rules*

Plaintiff does not satisfy the pleading requirements set forth by the Federal Rules of Civil Procedure. Although Plaintiff, as a *pro se* litigant, is held to a lesser pleading standard, he must "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Plaintiff fails to comply with Fed. R. Civ. P. 8(a), which provides

that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief…" Plaintiff also fails to adhere to Fed. R. Civ. P. 10(b), which requires a party to state its claims in numbered paragraphs, each limited to "a single set of circumstances."

Plaintiff's Complaint is rambling disjointed and difficult to discern what claims are being raised against each Defendant. Complaints that fail to articulate the plaintiff's claims with clarity and prevent the defendant from framing a response constitute a "shotgun pleading," which are prohibited under the Federal Rules. *Byrne v. Nezhat*, 261 F.3d 1075, 1128-1129 (11th Cir. 2001).

***ii. Plaintiff's claims are barred by Res Judicata or Collateral Estoppel***

**a. Collateral Estoppel**

The doctrine of collateral estoppel precludes a party from relitigating an issue that was fully litigated in a previous action. The courts have recognized three prerequisites to the application of the doctrine:

> 1) that the issue at stake be identical to the one involved in the prior litigation;
> 2) that the issue have been actually litigated in the prior litigation; and
> 3) that the determination of the issue in the prior litigation have been a critical and necessary part of the judgment in that earlier action.

*Stovall v. Price Waterhouse Co*., 652 F.2d 537, 540 (5th Cir. 1981); see *Rufenacht v. Iowa Beef Processors, Inc.*, 656 F.2d 198, 202 (5th Cir. 1981).

Collateral estoppel may be used by the defendant to preclude the plaintiff from relitigating an issue he has lost in a prior case (defensive collateral estoppel). *Deweese v. Town of Palm Beach*, 688 F.2d 731, 733 (11th Cir. 1982).

As discussed earlier, On November 2, 2011, BOA filed a foreclosure complaint against Plaintiffs in the Eighteenth Judicial Circuit Court in and for Seminole County, Florida. (ECF. No 1 at 6). The case went to trial on September 15, 2014, and after BOA presented its side of the case, the judge ruled in Plaintiffs' favor before they presented their affirmative defenses. (*Id.*) Specifically, the court found that BOA did not have standing to bring the action, the note and mortgage were void, and BOA failed to perform all conditions precedent. (*Id.*).

BOA then successfully appealed to Florida's Fifth District Court of Appeal (5th DCA), which reversed the trial court's findings and remanded for entry of judgment in BOA's favor. *Bank of Am., N.A. v. Nash*, 200 So. 3d 131 (Fla. 5th DCA 2016). (*Id. see also Cmpl. Ex. 3*). Following this ruling, Plaintiffs sought rehearing, citing constitutional violations, which the 5th DCA denied. (*Id.*) Plaintiffs then petitioned both the Florida Supreme Court but the petition was denied. *Nash v. Bank of Am., N.A.*, SC16-1255, 2017 WL 6062032, at *1 (Fla. Jan. 12, 2017).

After those appeals were exhausted, BOA moved the trial court to award judgment. Plaintiffs filed objections in the trial court. But these objections were unsuccessful. Plaintiff then appealed the new trial court judgment in BOA's favor. (*Id.*) A different 5th DCA panel of judges heard oral argument on February 19, 2019, but stated that Plaintiffs' arguments pertaining to the violation of her constitutional rights could no longer be reviewed based on the "law of the case" doctrine. *Nash v. Bank of Am., N.A.*, 267 So. 3d 1025 (Fla. 5th DCA 2019).

After that, Plaintiff pursued relief in federal court in the Middle District of Florida challenging the constitutionality of those judgments based on the 5th DCA's alleged denial of her constitutional rights, including their due process right to be heard. On May 31, 2019, The Honorable Roy B. Dalton Jr. issued a written order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction. (Exhibit A, Doc. #14). Plaintiff pursued an appeal and the 11th Circuit Court of Appeals granted the Appellees motion for summary affirmance. *Nash v. Fifth Dist. Court of Appeals*, 806 Fed. Appx. 870, 873 (11th Cir. 2020).

Presently, Plaintiff currently seeks relief from this Court challenging the constitutionality of the state-court foreclosure action initiated by Bank of America (BOA). Here all elements of collateral estoppel are present: The issue at stake be identical to the one involved in the prior litigation; the issue have been actually litigated in the prior litigation; and the determination of the issue in the prior litigation have been a critical and necessary part of the judgment in that earlier action. Plaintiff is unable to establish any exception to the collateral estoppel bar. As such, dismissal with prejudice is proper.

**b. Res Judicata**

Plaintiff's claims are also barred by Res Judicata. Res judicata is a judicially crafted doctrine, created to provide finality and conserve resources. *Eastman Kodak Co. v. Atlanta Retail, Inc. (In re Atlanta Retail, Inc.)*, 456 F.3d 1277, 1284 (11th Cir.2006) ("Res judicata ... is a judicially made doctrine with the purpose of both giving finality

to parties who have already litigated a claim and promoting judicial economy ....” (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979))); *see also Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir.2010) (per curiam) (“The doctrine facilitates ‘the conclusive resolution of disputes' by reducing ‘the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions.’ ” (quoting *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979))).

It is by now hornbook law that the doctrine of res judicata “bars the filing of claims which were raised or could have been raised in an earlier proceeding.” *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir.1999). For res judicata to bar a subsequent case, four elements must be present: “(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.” *Id.*

All of these elements are met in this case. “*Res judicata* acts as a bar ‘not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.’ ” *Pleming v. Universal–Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir.1998) (quoting *Manning v. City of Auburn*, 953 F.2d 1355, 1358–59 (11th Cir.1992)). *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375–76 (11th Cir. 2011).

Plaintiff cannot demonstrate any exception to the res judicata bar; therefore, Plaintiff fails to state any valid claim of relief against the State of Florida. Thus, dismissal with prejudice is proper.

WHEREFORE, based upon the foregoing arguments, Plaintiff's Complaint against The State of Florida should be dismissed. Plaintiff is unable to establish Subject Matter or Personal Jurisdiction. Additionally, the Complaint fails to state any claim of relief against the State of Florida, Plaintiff's claims are barred by Collateral Estoppel and Res Judicata, and Plaintiff failed to comply with pleading requirements. As such, the Complaint is subject to dismissal.

Respectfully Submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/ Blain Goff
Blain Goff
Senior Assistant Attorney General
Florida Bar No. 109467
Office of the Attorney General
3507 E. Frontage Rd. Suite 150
Tampa, FL 33603
T - (813) 233-2880; F - (813) 281-1859
Blain.Goff@myfloridalegal.com
Counsel for the State of Florida

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 27, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to those persons capable of receiving such notices of electronic filing. I further certify that a true and correct copy of the foregoing was sent by U.S. mail to Plaintiff, *pro se*, Linda A. Nash 2136 Linden Rd. Winter Park, FL 32792-1841.

/s/ Blain Goff
Blain Goff
Senior Assistant Attorney General