**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LINDA A. NASH,

*Plaintiff*,

v.

UNITED STATES OF AMERICA CORP., et al.,

*Defendants*.

Civil Action No. 1:23-cv-03134 (CJN)

# ORDER

In November 2011, Bank of America filed a foreclosure complaint against Linda Nash in the Eighteenth Judicial Circuit Court of Florida. The case went to trial and Bank of America lost, but on appeal, Florida's Fifth District Court of Appeal reversed. The state trial court then entered judgment in the bank's favor. Nash responded by filing a federal lawsuit in the Middle District of Florida, which the court dismissed for lack of subject matter jurisdiction. *See Nash v. State*, 2019 WL 13400383 (M.D. Fla. 2019). The Eleventh Circuit affirmed, reasoning that Nash's lawsuit, which brought constitutional challenges to the state court's foreclosure suit, was barred by the *Rooker-Feldman* doctrine. *See Nash v. Fifth Dist. Court of Appeals*, 806 F. App'x 870, 873 (11th Cir. 2020).

Nash then brought this *pro se* complaint against Bank of America and various governments. The complaint does not clearly lay out a legal theory. What it does make clear, however, is what relief Nash seeks: an "injunction for estoppel of state court proceedings based on violations of" her rights and an opportunity to receive a federal trial "on the issues regarding her

lawful ownership of this privately owned parcel of American Soil and home without government interference." *See* Compl., ECF No. 1, at 2, 9.

The *Rooker-Feldman* doctrine prevents courts from hearing suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

This case falls squarely within *Rooker-Feldman*. Nash received an unfavorable state court judgment and then brought this federal lawsuit to challenge that judgment. Moreover, she challenges the state court judgment on the ground that it was obtained using forged documents—an argument that she acknowledges the state trial court already denied. *See* Compl. at 6–7. This lawsuit is therefore little more than an attempt to appeal the state court's ruling to a federal district court. *See Hunter v. U.S. Bank Nat. Ass'n*, 698 F. Supp. 2d 94, 100 (D.D.C. 2010) ("Although [the plaintiff's] quiet title claim is not styled as an appeal from the foreclosure action, it is clear from the Complaint that [his] claim is based entirely on the alleged impropriety of the foreclosure."). The U.S. Supreme Court can hear such appeals, see 28 U.S.C. § 1257, but *Rooker-Feldman* prevents district courts from doing the same.

Nash has also filed a panoply of other motions moving the Court to, among other things, enter default judgment and answer questions about its adherence to the Constitution. Because the Court dismisses this case for lack of jurisdiction, it denies those motions as moot.

Accordingly, it is hereby

**ORDERED** that the Motions to Dismiss, ECF Nos. 7 and 9, are **GRANTED**; and it is further

**ORDERED** that the Motion for Specific Performance, Motion to Compel, Motion for Default Judgment, Motion for Order That the Court Address its Jurisdiction, Motion for Hearing, and Motions to Take Judicial Notice, ECF Nos. 4, 16, 18, and 20–23, are **DENIED**; and it is further

**ORDERED** that the case is **DISMISSED** without prejudice.

This is a final appealable order.

The Clerk is directed to terminate the case.

DATE: August 26, 2024

CARL J. NICHOLS
United States District Judge